**Opinion issued February 25, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00488-CR

————————————

**KELVIN DRISCOLL JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————————————————————————————

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1430845**

———————————————————————————————————

# O P I N I O N

Kelvin Jones pleaded guilty to attempted credit card abuse, a misdemeanor.[1]

He argues that the trial court erred in denying his pre-plea motion to suppress

evidence that he possessed a debit card issued to a different person because a

---

[1]     TEX. PENAL CODE ANN. § 32.31 (West 2011).

security guard arrested him in violation of the requirements of the statute governing citizen arrests.[2] We affirm.

## Background

J. Lara, a private security guard,[3] was on patrol at an apartment complex. He saw Jones "and a couple of other individuals" on the "patio area of one of the [residences]" and smelled the "distinct smell of marijuana" coming from that area. Lara walked over to the group and announced that he was a security guard. Seeing Jones holding what appeared to be marijuana, Lara asked Jones to "step out of the patio area so [he could] talk to him away from everybody else that might pose a threat."

Jones complied with Lara's request. After taking him away from the patio area, Lara asked Jones what was in his hand. Jones handed Lara the marijuana. Lara then asked Jones for an ID, which Jones said he did not have on him. Lara "patted [Jones] down to make sure he didn't have any weapons or anything that could pose a threat." After finishing the pat-down, Lara asked Jones to empty his pockets. When Jones emptied his pockets on top of a near-by car, Lara saw a debit card with someone else's name on it. Jones admitted that the debit card was not

---

[2] TEX. CODE CRIM. PROC. ANN. art. 14.01(a) (West 2015).

[3] Neither the State nor Jones proffered any evidence to establish Lara was a "peace officer" within the meaning of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (West Supp. 2015).

his. After Jones voluntarily put the card on top of the near-by car and admitted that it was not his, Lara then called the police and handcuffed Jones. When the police arrived, they arrested Jones.

Jones filed a motion to suppress the debit card and marijuana, arguing that Lara "arrested" him before discovering the debit card. This "arrest" was "illegal," according to Jones, because no felony or breach of the peace was committed in Lara's presence, a requirement Jones maintains is within the statute authorizing an arrest by a private citizen. The trial court denied Jones's motion.

Following the hearing, Jones pleaded guilty to attempted credit card abuse. He was sentenced to 120 days in jail. Jones appeals the trial court's denial of his motion to suppress.

**Arrest or Investigative Detention**

Jones argues that the security guard made a citizen's arrest but failed to comply with the statutory requirements, making his arrest "invalid," and, "[t]he fruits of his arrest, including the debit card, should have been suppressed." His admissibility argument is premised on the initial encounter, before he produced a third person's debit card, properly being characterized as an arrest and not a mere investigative detention.

## A. Standard of review

Whether an encounter amounts to an arrest is a question of law that we review de novo. *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim. App. 2008).

## B. Investigative detention, not arrest

Texas law provides for a "citizen arrest": "A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace." TEX. CODE CRIM. PROC. ANN. art. 14.01(a).[4] This statute recognizes that "under some circumstances there is no time to procure a warrant" and thus, provides authority for a citizen to "make a warrantless arrest when he has satisfactory proof to believe that a person has committed a felony offense and is about to escape." *Miles v. State*, 241 S.W.3d 28, 41–42 (Tex. Crim. App. 2007).

The Texas exclusionary rule applies to citizen's arrests. *Melendez v. State*, 467 S.W.3d 586, 592 (Tex. App.—San Antonio 2015, no pet.). "No evidence obtained by an officer *or other person* in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the

---

[4]   A person commits credit card or debit card abuse when "not being the cardholder, and without the effective consent of the cardholder, he possesses a credit card or debit card with intent to use it." TEX. PENAL CODE ANN. § 32.31(b)(8) (West 2011). This offense is a felony. *Id.* at § 32.31(d).

United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005) (emphasis added). In applying the rule, the Texas Court of Criminal Appeals has explained, "[A] private person can do what a police officer standing in his shoes can legitimately do, but cannot do what a police officer cannot do." *Miles*, 241 S.W.3d at 39.

Jones contends that Luca had no statutory basis for attempting a citizen's arrest because possession of marijuana is not a felony, nor is it an offense against the public peace because "there was no danger that [Jones] was about to cause physical harm to himself or others." Before determining, as Jones asks us to do, whether Lara had the legal authority to arrest him, we must first examine whether the encounter between Lara and Jones had escalated from an investigative detention to an "arrest" before discovery of the debit card.

Three types of investigative encounters exist: (1) consensual encounters; (2) investigative detentions, which must be supported by a reasonable suspicion of a crime and be of limited scope and duration; and (3) arrests, which are only constitutional if supported by probable cause. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013); *see Melendez*, 467 S.W.3d at 592 (applying these three types of encounters to private security guard encounter). No one asserts that this

was a consensual encounter; therefore, we consider whether the encounter was an investigative detention or an arrest.

Both investigative detentions and arrests are restraints on a person's freedom, but an arrest involves a greater degree of restraint. *Sheppard*, 271 S.W.3d at 290. To determine whether an encounter is an investigative detention or an arrest, Texas examines the totality of the circumstances. *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007). "We evaluate whether a person has been detained to the degree associated with arrest on an *ad hoc,* or case-by-case, basis." *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). The "primary question is whether a reasonable person would perceive the detention to be a restraint on his movement comparable to a formal arrest, given all the objective circumstances." *Id.*

Although no "bright-line rule" exists to distinguish between an investigative detention and an arrest, Texas applies several factors to categorize the encounter. *Sheppard*, 271 S.W.3d at 291. Jones focuses his argument on four factors: (1) the amount of force displayed, (2) the duration of the detention, (3) whether it was conducted at the original location or the person was transported to another location, and (4) the officer's expressed intent. *See id*. But, in general, if a detention "appears more than necessary to simply safeguard the officers and assure the

suspect's presence during a period of investigation, this suggests the detention is an arrest." *Id.*

The first factor—the amount of force—favors the State. The amount of force used by Lara was minimal. No evidence showed that Jones felt compelled to comply with Lara's request to move outside his patio area, that Lara had a gun or any other weapon on him when he encountered Jones, or that Lara claimed to be a police officer or to have lawful authority to make an arrest. Lara only patted Jones down—for their mutual protection. Other than this pat-down, Lara did not threaten to use any force against Jones. The only force that Lara did use against Jones— namely, handcuffing him—did not occur until after Lara discovered the debit card.[5]

The amount of force used by Lara before discovering the debit card is less than that used by a security guard in *Melendez*. There, a security guard detained a defendant who was seen trying to sell cocaine at a nightclub and kept him detained until a police officer arrived to handcuff him. 467 S.W.3d at 593. After arriving, the officer asked the defendant two questions, searched the defendant, and, upon discovering a controlled substance in the defendant's pocket, placed the defendant

---

[5]     Even that amount of force would not necessarily signal an arrest; handcuffing, by itself, is not sufficient to demonstrate an arrest. *See Rhodes v. State*, 945 S.W.2d 115, 117–18 (Tex. Crim. App. 1997) (rejecting "bright-line" rule that handcuffing constitutes arrest when police officer testified that he only handcuffed defendant out of concern for his safety); *Melendez*, 467 S.W.3d at 592–93 ("use of handcuffs does not automatically convert a detention into an arrest").

under arrest. *Id.* at 590. The security guard's handcuffing of the defendant while waiting for the police to arrive was the only force used by the security guard or the police officer before the search was conducted. *Id.* at 593. This amount of force did not convert the investigative detention into an arrest. *Id.*

The second factor, the duration of the encounter, also weighs in favor of concluding that Lara's encounter with Jones was merely an investigative detention. In *Melendez*, like here, the record did not establish the duration of the detention. 467 S.W.3d at 593. There is no suggestion in the record that the detention was prolonged. *Cf. Castro v. State*, 373 S.W.3d 159, 165–166 (Tex. App.—San Antonio 2012, no pet.) (holding that detention that lasted approximately from one-half to one hour was "merely long enough to engage in an investigatory procedure" and demonstrated that "the officers efficiently pursued an investigation to confirm or dispel their suspicions."). By denying Jones's motion to suppress, the trial court "could reasonably have inferred" based on the nature of the security guard's activities (that Lara announced himself, asked Jones to step out of the patio area, asked for the marijuana, patted Jones down, had Jones empty his pockets, and then "immediately . . . called 911") that the defendant was detained for "only a short time" before the debit card was produced. *See id.* This reasonable inference weighs in favor of classifying the encounter as an investigative detention.

Next, we turn to the third factor: the location of the detention. An investigating officer's request that a person move a short distance from the scene of the initial encounter to separate him from others nearby does not, itself, necessarily prove an arrest. *See Bartlett v. State*, 249 S.W.3d 658, 662 (Tex. App.—Austin 2008, pet. ref'd). In *Bartlett*, the police investigated an alleged assault that occurred at a crowded event. *Id.* The police officers encountered the defendant, placed him in handcuffs, and took him to a location away from the event because that was the only "feasible" way to safely investigate the alleged assault. *Id.* at 665. Noting that "[s]afety and security reasons may justify moving a suspect from one location to another during an investigatory stop," *Bartlett* held that the trial court did not err in finding that the officer's actions showed that he only intended to "talk to" the defendant, not arrest him. *Id.* at 670. Thus, the encounter was an investigative detention, not an arrest. *Id.* at 671.

Similarly, an officer's request for a suspect to move in *Perez v. State* did not create an arrest. 818 S.W.2d 512, 513 (Tex. App.—Houston [1st Dist.] 1991, no writ). Suspecting that a group of people walking through an airport were drug dealers, police officers stopped the group to question them. *Id.* After briefly questioning the group, the police officers asked the defendant, one of the group members, to move into a separate area of the airport so they could search him. *Id.* at 514. Because the defendant voluntarily chose to talk to the police and was free

9

to leave, the officer's moving of the defendant to a "private area" of the airport constituted an investigative detention, not an arrest. *Id.* at 515.

There is no evidence that Lara compelled Jones to "step out of the patio area." There is no evidence that Jones objected to moving. There is no evidence of the distance that Jones moved. And Lara testified that, like in *Barlett* and *Perez*, he moved Jones to another area out of concern for safety reasons. Under these circumstances, this factor slightly favors the State or is neutral.

Finally, we turn to the fourth factor: the officer's expressed intent. Lara expressed an intent to "talk to" Jones, not to arrest him. Because the security officer only evidenced an intention to "talk to" Jones before the debit card was revealed, we conclude that this factor weighs in favor of the encounter being an investigative detention. *See Melendez*, 467 S.W.3d at 593 (no evidence presented that security guard intended stop to be investigative detention or intended to conduct citizen's arrest).

Considering the totality of the circumstances, we conclude that Lara's encounter with Jones prior to the discovery of the debit card was an investigative detention, not an arrest.

Because Jones was not under arrest when he produced the fraudulent debit card, the statute limiting a citizen's arrest does not apply here. *See Melendez*, 467 S.W.3d at 593 n.2 ("Because we conclude the security officers did not arrest [the

defendant], but only detained him, no citizen's arrest occurred that would require further analysis . . . ."). Jones does not raise any challenge to the legality of Lara's encounter as an investigative detention. Therefore, Jones has not established any basis for excluding the evidence. We overrule his sole issue.

## Conclusion

We affirm the trial court's denial of Jones's motion to suppress.


Harvey Brown
Justice

Panel consists of Justices Bland, Brown, and Lloyd.

Publish.  TEX. R. APP. P. 47.2(b).